# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Edwin C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-1690-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Edwin C. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's July 30, 2025 Memorandum Opinion and Order (the "July 30, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 17. Defendant did not file a response in opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. <u>LEGAL STANDARD</u>

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

## II. ANALYSIS

Plaintiff contends that reconsideration is warranted because the Court's July 30, 2025 Decision affirmed the ALJ's opinion "on a harmless-error theory even though the ALJ never resolved a material ambiguity about COPD's status before March 2022 and failed to provide the required function-by-function analysis to supply the reasoned 'logical bridge' from the evidence to the RFC finding[.]" ECF 17, at 1-2. Specifically, Plaintiff asks the Court to reconsider its finding of harmless error in the ALJ's assessment of COPD, as well as whether the ALJ's labeling of nicotine dependance as severe without identifying work-related limitations and the ALJ's references to a prior decision undermine a finding that the ALJ built the required logical bridge in coming to their decision.

In the July 30, 2025 Decision, the Court found that the ALJ's error at step two (in not explaining why Plaintiff's COPD was severe as of March 2022) was harmless error for two reasons. ECF 15, at 4. First, "[c]ourts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment [or a medically determinable impairment] at step two may be harmless error if the ALJ determined that a claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps." *Crystal S. v. Kijakazi*, No. MJM-20-3717, 2022 WL 4539717, at *3 (D. Md. Sept. 28, 2022) (citing *Baker v. Astrue*, No. SAG-10-1045, 2012 WL 12751, at *3 (D. Md. Jan. 3, 2012)). Here, the ALJ addressed Plaintiff's COPD at step three and found that it did not meet listing 3.01. *See* Tr. 567. Moreover, the ALJ evaluated the Plaintiff's COPD throughout the RFC assessment but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 569. Second, even if the ALJ failed to discuss Plaintiff's COPD at all at step two, "there is no prejudice to the [plaintiff] if the ALJ sufficiently considers the effects of that impairment at subsequent steps." *Fountain v. Astrue*, No. CBD-11-1884, 2013 WL 145873, at *4 (D. Md. Jan. 11, 2013). The ALJ did so here by elaborating on Plaintiff's pulmonary impairments when citing to specific evidence in the record to develop a narrative discussion and function-by-function analysis of Plaintiff's ailments. *See e.g.*, Tr. 569 (Plaintiff exhibited "normal respiratory functioning" in July 2018; in October 2018, Plaintiff noted "intermittent chest pain for two weeks" but in February 2019, Plaintiff "reported no chest pain, palpitations, shortness of breath or cough and had a normal physical examination."); Tr. 570 (In August 2019, Plaintiff "complained of shortness of breath, wheezing, cough and chest tightness and reported that he had recently quit smoking" but on examination, Plaintiff's "oxygen saturation was 98% on room air, his lungs were clear to auscultation and percussion, and he had good air movement"; in February 2019, pulmonary function testing showed "moderate obstructive ventilatory defect with near significant bronchodilator response, normal diffusion capacity, and significantly reduced FEV1 and FVC compared to prior testing in 2015"); Tr. 571 (citing to examinations with Plaintiff's pulmonologist in February 2021 and December 2021, observing that on subsequent pulmonary examinations, Plaintiff's "pulmonary effort was observed to be normal, and he was without respiratory distress."); Tr. 570 (In 2022, Plaintiff was "diagnosed with COPD related to cigarette smoking with nicotine dependence," but "examinations routinely revealed normal breath sounds, good air movement, and normal respiratory effort."); Tr. 571 (noting that Plaintiff's June 2023 CT scan was

negative for lung cancer; at a June 2023 pulmonology visit, Plaintiff exhibited "normal pulmonary effort with slight wheezing with forced expiration but no respiratory distress" but that he was still smoking; in March 2023, Plaintiff required an "ER visit for shortness of breath secondary to a COPD exacerbation," but he was started on prednisone and discharged). As such, the ALJ thoroughly assessed Plaintiff's COPD both before and after March 2022. The Court does not identify any clear error in its harmlessness analysis regarding the step two error.

Plaintiff also argues that the Court erred by accepting the ALJ's "improper framing of 'nicotine dependence.'" ECF 17, at 3. Plaintiff avers that the ALJ "[e]levat[ed] nicotine dependence to 'severe' without tethering it to functions and using it to undercut COPD-related limitations[, thus] conflat[ing] lifestyle history with functional analysis, contrary to SSR 96-8p and SSR 16-3p." *Id.*, at 3. The Court finds no error in its analysis of the ALJ's characterization of "nicotine dependence." As noted in the July 30, 2025 Decision, "the ALJ discussed Plaintiff's nicotine use in the context of its presence in the objective medical evidence, not by discounting Plaintiff's COPD and asthma symptoms." ECF 15, at 9 (citing Tr. 570-571). There is no error in an ALJ discussing Plaintiff's nicotine dependence in the RFC assessment. *See Collison v. Astrue*, No. PWG-08-234, 2009 WL 3216658, at *3 (D. Md. Sept. 30, 2009) ("[A]n ALJ can consider a [c]laimant's failure to stop smoking in determining credibility when medical evidence shows that doctors recommended smoking cessation and that smoking impacted conditions such as COPD.") (citing *Mouser v. Astrue*, 545 F.3d 634 (8th Cir. 2008)). Not offering legal authority to the contrary, this argument fails to demonstrate clear error.

Lastly, Plaintiff challenges the ALJ's alleged reliance on conclusions reached in prior decisions as support for the current RFC. ECF 17, at 4. The Court found that though the ALJ references a prior decision, there was no indication that the ALJ improperly relied on those previous conclusions. ECF 15, at 10. Rather, the ALJ's references are limited to the context of treatment records present at the time of the prior decision, not to the adoption of the conclusions therein. The Court considered the reason for the use of each reference and the context in which the reference was used. This is not a situation, as Plaintiff contends, that simply accepts "shorthand references to a vacated analysis." ECF 17, at 4. Thus, Plaintiff's third argument for reconsideration fails to show a manifest injustice or clear error of law.

Even if the ALJ could have provided a more robust narrative discussion pursuant to SSR 96-8p, such a failure alone does not control the outcome. It remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. Sept. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *cf. Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (the applicant bears the burden of production and of proof during the first four steps of the inquiry). Accordingly, where, as here, there is no evidence that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, an ALJ's apparent lack of narrative discussion constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and*

*recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand."). Plaintiff notes that he is of an "advanced age, has at least a high-school education, and [cannot perform] past heavy work." ECF 17, at 4. Therefore, he argues, if the ALJ had limited him to "light" work, he would be considered disabled. Plaintiff, however, offers nothing more than a conclusory statement that had the ALJ weighed his situation differently, the outcome would have changed. That is not the governing standard for this Court, either in the first instance or upon reconsideration. At bottom, Plaintiff asks the Court to "rethink what the Court had already thought through–rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 17, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge